CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

SYDNEY SPECTOR #11232
Assistant U.S. Attorney
Room 6-100, Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-3752
Email: Sydney.Spector@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>$61,280.00 IN UNITED STATES CURRENCY,<br><br>　　　　　Defendant *in Rem*. | Civil No.<br><br>COMPLAINT FOR FORFEITURE; VERIFICATION OF GABRIEL GRAY |

COMPLAINT FOR FORFEITURE

　　Plaintiff United States of America, by its undersigned attorneys, brings this Complaint for Forfeiture and alleges as follows in accordance with Rule G(2) of

the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (hereinafter the "Supplemental Rules"):

## NATURE OF THE ACTION

1.  This is a civil action *in rem* to forfeit and condemn to the use and benefit of the United States the above-captioned personal property (the "Defendant Property"). This action is brought pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of (a) moneys and other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841; (b) proceeds traceable to such an exchange; and/or (c) moneys used or intended to be used to facilitate violations of 21 U.S.C. § 841. For its claims against the defendant property, the United States alleges as follows upon information and belief.

## THE DEFENDANT *IN REM*

2.  The Defendant Property consists of $61,280.00 in United States currency seized by the Drug Enforcement Administration on or about February 3, 2022, during a consent search of Elyxadra Whitney Rettew ("Rettew") conducted at the Daniel K. Inouye International Airport in Honolulu, Hawaii. The Defendant Property is currently in the custody of the United States Marshals Service for the District of Hawaii.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881.

4. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. 1355(b)(1).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this District and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this District.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as moneys and other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841; proceeds traceable to such an exchange; and/or moneys used or intended to be used to facilitate violations of 21 U.S.C. § 841.

FACTS

7. Beginning on February 2, 2022, law enforcement officers with the Honolulu Police Department and Drug Enforcement Administration ("DEA") began conducting surveillance of Cyrus Croskery in connection with suspected gun and drug-related crimes. They followed Croskery to the La Croix Hotel in Waikiki and established surveillance on his hotel room. After witnessing an individual leave Croskery's hotel room and engage in a drug transaction, investigators obtained a search warrant for the hotel room.

8. During the early morning hours of February 3, 2022, before the execution of the search warrant, the officers observed Croskery and his girlfriend, Rettew, leave the hotel room and enter the hotel lobby. Upon spotting the officers, Croskery attempted to flee on foot, but was ultimately detained, along with Rettew. A pat-down of Croskery revealed a 9mm ghost gun. The execution of the search warrant on the hotel room recovered approximately one pound of methamphetamine, approximately 415 pills containing fentanyl, and other drug-related paraphernalia. Croskery was subsequently indicted and charged with eight counts, including conspiracy to distribute methamphetamine and fentanyl and various firearms-related offenses. *See United States v. Cyrus Croskery*, Crim. No. 22-00059 DKW (D. Haw.).

9.     Following her detention in the early morning hours of February 3, 2022, Rettew gave a statement to the DEA investigators in which she denied any knowledge of Croskery's involvement in drug trafficking activity.

10.    Later on February 3, 2022, Rettew attempted to go through the Transportation Security Administration checkpoint at the Daniel K. Inouye International Airport in Honolulu, Hawaii with a switchblade knife and suspected methamphetamine.   She was placed under arrest by the Hawaii State Sheriff Department Airport Division for possession of a switchblade knife and promotion of a dangerous drug.

11.    Following her detention at the airport, a DEA Special Agent and a task force officer conducted a post-arrest interview of Rettew at the Honolulu Airport Sheriff's station.   Rettew admitted she had participated in drug trafficking with Croskery, and that their source of supply was in California.   Rettew stated that when she and Croskery would travel to California to procure drugs, they would typically take $30,000 to $60,000 in U.S. currency with them.   She further admitted that she last brought $20,000 to the source of supply in California in January 2022, in exchange for 5 pounds of methamphetamine and five thousand M30 pills (suspected fentanyl).

12. Rettew permitted a consent search of her luggage and bags. The search revealed the Defendant Property ($61,280 in U.S. currency) and a black iPhone belonging to Croskery, along with other assorted personal items.

13. The Defendant Property was comprised of 414 $100.00 bills, 50 $50.00 bills, and 869 $20.00 bills.

14. Rettew claimed that some of the Defendant Property was from the sale of a vehicle and the rest was from a floral business, but Rettew has no known legitimate source of income that can account for the Defendant Property.

15. By reason of these premises, there are reasonable grounds to believe that the Defendant Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays that:

1. Notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the Defendant Property;

2. The Clerk of the Court issue a warrant for the arrest in rem and seizure of the Defendant Property;

3. The Defendant Property be forfeited and condemned to the United States of America;

4. Plaintiff be awarded its costs and disbursements in this action; and

    5.    The Court award such other and further relief as this Court deems just and proper.

DATED: January 4, 2023, at Honolulu, Hawaii.

CLARE E. CONNORS  
United States Attorney  
District of Hawaii

    /s/ Sydney Spector  
By _____  
  SYDNEY SPECTOR  
  Assistant U.S. Attorney

Attorneys for Plaintiff  
UNITED STATES OF AMERICA
